UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RANDY C. WILLIAMS                                                                PLAINTIFF

VERSUS                                                 CIVIL ACTION NO. 1:15CV397-RHW

GLORIA PERRY et al                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Randy C. Williams, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. §1983 prisoner civil rights complaint alleging inadequate medical care for treatment of grand mal seizures. Doc. [1]. In his initial complaint, he named as Defendants Dr. Ronald Woodall, Nurse Karen Deese, Nurse Melanie Byrd, Gloria Perry, and Mike Hatten. At all relevant times, Plaintiff was incarcerated at the South Mississippi Correctional Institution (SMCI); however, he is currently an inmate at the Wilkinson County Correction Facility (WCCF). The Court conducted a screening hearing on October 19, 2016, at which time Plaintiff appeared and testified under oath. Minute Entry (10/19/2016). The parties consented to proceedings before a United States Magistrate Judge. Pending before the Court are motions to dismiss filed by Defendants Woodall, Deese, and Byrd. Doc. [25] [27] & [28].

## Plaintiff's Allegations

In his complaint, other pleadings, and testimony at the screening hearing, Plaintiff alleges that he suffers from grand mal seizures and that he is prescribed Dilantin for treatment of those seizures. He alleges that Dilantin causes pain on his left side and around the liver area. He made the decision to stop taking Dilantin because of these negative side effects. Consequently, he suffers seizures more frequently. He wants to be taken off of Dilantin and given different medication to treat his seizures. At the screening hearing, Plaintiff conceded that the basic

premise of his lawsuit is that he disagrees with the prescribed course of treatment.  Instead of taking him off of Dilantin, Dr. Woodall prescribed other medications in addition to Dilantin.  According to Plaintiff, he was told that if he is taken off Dilantin, he would die.  Plaintiff says he only takes Dilantin when he feels like he needs it, rather than as prescribed.

Plaintiff contends that sometimes during seizures Defendant Byrd used ammonia packs.  These ammonia packs left burns on his nose and lips.  At the screening hearing, Plaintiff indicated that these burns heal in a few days.  Plaintiff also alleges that Defendant Deese accused Plaintiff of faking a seizure on one occasion and she that told him he costs the state too much money.

Plaintiff alleges that on another occasion he was placed unstrapped on a stretcher by medical personnel at SMCI.  While on the stretcher he advised medical staff that he was about to have a seizure.  He contends that minutes later he went into a strong seizure, fell off of the stretcher, and hit his head on the floor which resulted in a concussion.  At the screening hearing, Plaintiff stated that he does not remember who put him on the stretcher.

**Standard of Review**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

**Defendants Perry and Hatten**

At the screening hearing, Plaintiff agreed to dismiss Defendants Gloria Perry and Mike Hatten from the lawsuit. He indicated that he had sued them in their supervisory capacity only. The allegations in Plaintiff's complaint confirm this. Plaintiff also indicated at the screening hearing that Defendants Perry and Hatten moved Plaintiff from SMCI to WCCF in response to his requests for better medical treatment. The Court finds that Defendants Perry and Hatten should be dismissed with prejudice by agreement of the parties.

**Inadequate Medical Care**

To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, *not* optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012)(emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

3

By Plaintiff's own admission, he merely disagrees with the prescribed course of treatment for his seizures.  Although he has been prescribed Dilantin, Plaintiff does not want to take Dilantin because of the negative side effects.  At the screening hearing, he admitted that he experiences seizures less frequently when he takes Dilantin.  Plaintiff's desire for a different course of medical treatment for seizures does not state a constitutional violation.  *See Hall v. Thomas*, 190 F.3d 693, 697-98 (5th Cir. 1999).  With respect to his claims against Defendant Byrd for using ammonia packs, Plaintiff again merely states his disagreement with the course of treatment.  Even if the ammonia packs were ineffective in treating Plaintiff's seizures, negligent medical treatment does not constitute deliberate indifference.

With respect to his claims against Defendant Deese, Plaintiff also fails to state a claim.  Plaintiff alleges that she misdiagnosed Plaintiff on one occasion by telling him that he was not having a seizure when in fact he was about to have a seizure.  A misdiagnosis does not state a constitutional claim for inadequate medical care.  *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  The alleged denial of two sick call requests by Defendant Deese also does not state a constitutional claim, especially in light of the fact that Plaintiff, by his own admission, is being prescribed medication to treat seizures.  Plaintiff fails to provide any other factual allegations beyond the mere statement that Deese denied two sick call requests.  Defendant Deese's alleged statement that Plaintiff costs the state too much money does not state a claim for inadequate medical care either.  While the alleged statement may be unprofessional, it does not demonstrate deliberate indifference.  *See McGiffin v. Curry*, 402 Fed. App'x 883, 885 (5th Cir. 2010).

Plaintiff also has alleged that on one occasion he was not strapped into a stretcher just

prior to experiencing a seizure.  As a result, he fell off of the stretcher and sustained a concussion.  At the screening hearing, Plaintiff indicated that he did not know who put him on the stretcher.  He does not allege that any of the named Defendants was responsible for Plaintiff not being strapped to the stretcher.  Even so, the failure to strap Plaintiff to the stretcher might state a claim for negligence, but it does not constitute deliberate indifference.  *See Crumbliss v. Darden*, 469 Fed. App'x 325, 327 (5th Cir. 2012)(rejecting inmate's claim arising from injuries caused from the failure to provide tie-down straps while transporting him in a wheelchair).  As such, he fails to state a constitutional claim.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for which relief may be granted under 42 U.S.C. § 1983;  therefore, his lawsuit is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(d)(2)(B)(ii) and § 1915A(b)(1).  Plaintiff is cautioned that his dismissal for failure to state a claim constitutes a strike under 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes he will be barred from bringing a civil action or appeal a judgment in a civil action proceeding under § 1915, unless Plaintiff is under imminent danger of serious physical injury.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [25] [27] [28] Motions to Dismiss are GRANTED and that Plaintiff's lawsuit is hereby dismissed with prejudice as to all claims and all Defendants.  The dismissal of Plaintiff's lawsuit for failure to state a claim for inadequate medical care counts as a strike.

SO ORDERED, this the 27th day of October, 2016.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

5